SUSAN BAILEY'S HEIRS, &c., *v.* URIAH COTTLE.

Ejectment—Foreclosure—Instructions as to Costs.

 Under a prayer of a petition for a judgment for land, and for $300.00 for being kept out of land, an instruction, "If the jury find for the plaintiff they may also find for him in damages the reasonable rent of the land and extra costs of prosecuting this suit not exceeding $300.00." Held to be improper, as no extra costs can be allowed, the only costs allowable being that incidental to the suit.

APPEAL FROM MORGAN CIRCUIT COURT.

April 14, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

Whether or not the unsold part of the 80-acre tract and the 50-acre tract were sold under the Burnes' judgment of foreclosure, and whether they were included in his mortgage were facts properly submitted to the jury, and instruction *"No. 1,"* given by the court in relation to that issue is unobjectionable.

But instruction "No. 2," given for appellee, is certainly novel, and can not be approved by this court. It reads as follows:

If the jury find for the plaintiff they may also find for him in damages the reasonable rent of the land "and *extra costs* of prosecuting this suit, not exceeding three hundred dollars."

The prayer of the petition is for a judgment for the land, and for three hundred dollars for being kept out of possession.

Before the adoption of the *Civil Code,* in an action of ejectment for the recovery of real estate, a judgment for damages for rents and for the land could not be united, but after the party had judicially established his right to the land, he could not be united,

he could bring his action for *mesne* profits, but now he may unite a prayer for the profits with the one for the land and recover both in one action, but we are not aware of any law statute or other common, authorizing the jury to include in their verdict *extra* costs; that is an undefined and broad expression; even more than the fees of attorneys might be included. There is no edidence in this case of any *extra* costs that appéllee was put to, and the instruction leaves the jury unlimited discretion to say what they will find for *extra* costs regardless of and without any evidence on the subject.

The jury assessed $83 in damages whether it was for *mesne* profits, or for extra costs does not appear, nor can we know, and judgment was rendered therefor; if it had appeared that it was for the profits alone we would not be disposed to interfere.

The costs allowed by law to the successful party are incidents to the judgment the court includes them therein, and there is no necessity for any instruction in relation to them; but as the jury in this case had nothing to do with *extra* costs, instruction No. 2 was erroneous, and the judgment in consequence thereof must be reversed.

Instruction No. 1 asked by appellant was in substance given in instruction No. 1 for appellee, and was properly overruled as were all the others asked by appellant; but for the error in giving instruction No. 2 for appellee as before indicated the judgment is *reversed* and the cause is remanded for a new trial and for further proceeding consistent herewith.

*Hazelrigg, for appellants.*
*Cooper for appellee.*